UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-20044-CR-DPG

UNITED STATES OF AMERICA,

v.

JOSE CAMILO ESPANA MARQUINEZ,

    **Defendant.**

_____/

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR MODIFICATION OF IMPOSED TERM
OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2)

    The United States of America, by and through the undersigned Assistant United States Attorneys, hereby responds to defendant Jose Camilo Espana's Motion for a Sentence Reduction Pursuant to Section 3582(c)(2) (the "Motion") (DE 201).  Defendant contends that a sentence reduction is warranted under Guidelines Amendment 782, which modified the guidelines ranges for certain drug offenses (Motion at 1).  The Amendment became effective on November 1, 2014, nearly six years before Defendant was sentenced, and so Defendant was sentenced under the revised sentencing scheme.  Because his applicable sentencing range has not changed since his sentencing, Defendant is ineligible for resentencing.  The Court should therefore deny the Defendant's Motion.

**BACKGROUND AND ARGUMENT SUMMARY**

    On May 21, 2020, Defendant pleaded guilty to conspiring to distribute 5 kilograms or more of cocaine, knowing that it would be unlawfully imported into the United States, in violation of 18 U.S.C. § 959 (DE63).  Defendant acknowledged that his offense involved more than 450 kilograms of cocaine (*id*. at ¶ 9(a)).  He also admitted to organizing the transport of at least two

separate cocaine shipments (DE64:3-4).

Prior to sentencing, Probation prepared a presentence investigation report ("PSI"). Defendant's base offense level was 38, which was based on a drug weight of 450 kilograms or more of cocaine. PSI ¶ 34. Specifically, the total drug weight attributable to Defendant was 1,560 kilograms of cocaine. PSI ¶ 25. With a three-point increase for his supervisory role in the offense, and a three-point reduction for prompt acceptance of responsibility, Defendant's total offense level came to 38. PSI ¶¶ 37, 41-43. Combined with Defendant's Criminal History Category I, the advisory guidelines sentencing range was 235 to 293 months. PSI ¶ 74.

Defendant did not object to the guidelines range, but he requested a downward variance (DE91). At sentencing, the district court granted Defendant's motion for a downward variance and sentenced him to 188 months' imprisonment (DE94; DE194:5, 20-21). Defendant did not appeal his sentence.

On July 21, 2023, Defendant filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He argues that, under Amendment 782, he is entitled to resentencing because his guidelines range was reduced after he was sentenced (Motion at 1). He is mistaken. As detailed below, were he to be sentenced today, Defendant's guidelines range would be the same as it was when he was first sentenced. Accordingly, he is not "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and his Motion should be denied.

## **ARGUMENT**

Section 3582(c)(2) permits a district court to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1); *see also* U.S.S.G.

§ 1B1.10(a)(1). A district court may reduce a defendant's sentence based only upon a subsequently enacted amendment to the sentencing guidelines if the Sentencing Commission has made the amendment retroactively applicable by listing the amendment in U.S.S.G. § 1B1.10(c). *See* U.S.S.G. § 1B1.10(a); *see also United States v. Carter*, 110 F.3d 759, 761 (11th Cir. 1997).

Further, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir.2008); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guidelines range").

As this Court previously observed, "the statutory provision, the Sentencing Commission's corresponding policy statement, and the commentary to that policy statement all make it clear that a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case. It is that simple." *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012). And a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case.

In the present case, Defendant's guidelines range remains the same as it was at the time of his sentencing. His base offense level is 38, because his offense involves over 450 kilograms of cocaine, and he does not challenge—and cannot challenge—the remaining adjustments to the offense level. *See United States v. Cothran*, 106 F.3d 1560, 1562-63 (11th Cir. 1997) (holding that, in determining amended guidelines range, a district court may not reconsider other "guideline application decisions" and must "leave all of its previous factual decisions intact"). As a result, his total offense level is 38, which corresponds to 235 to 293 months' imprisonment, the same

range this Court considered when imposing its initial sentence. (DE194:5). He acknowledges as much in his Motion (Motion at 3). Having failed to establish a change in his guidelines range, Defendant's motion for a sentencing reduction should be denied.

## CONCLUSION

WHEREFORE, the Government respectfully requests that this Court deny the Defendant's motion for a sentence reduction.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  /s/Yeney Hernandez
Yeney Hernandez
Assistant United States Attorney
Court ID No. A5502300
99 N.E. 4th Street, Suite 700
Miami, FL 33132
Tel# (305) 961-9277
Email: yeney.hernandez@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 7, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

A paper copy was mailed to the following address:

Jose Camilo Espana Marquinez
Fort Dix
Reg. No. 18416-104 Federal Correctional Institution
Inmate Mail/Parcels Post
Office Box 2000
Joint Base
MDL, NJ 08640

                */s/Yeney Hernandez*
                Yeney Hernandez
                Assistant United States Attorney